Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: <br><br> JAMES LEE SAMUELS and <br> TONYA LYNN SAMUELS, <br><br> Debtors. | CASE NO. 2:16-bk-20115 <br><br> CHAPTER 7 <br><br><br> JUDGE VOLK |
| ROBERT L. JOHNS, <br> TRUSTEE, <br><br> Plaintiff, <br> v. <br><br> PHYLLIS FLINNER, <br><br> Defendant. | ADVERSARY PROCEEDING NO. <br> 2:16-ap-02068 |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS**

Pending is Defendant Phyllis Flinner's Motion to Dismiss on the basis of Federal Rule of Civil Procedure 4(m) applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 7004(a)(1). [Dckt. No. 8]. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

Rule 4(m) was enacted by Congress to prod a slow-foot plaintiff, not reward an evasive defendant. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As indicated, the 90-day period for service begins to run from the filing of the complaint. Fed. R. Civ. P. 4(m).

A good cause showing requires reasonable and diligent efforts to effectuate service. *Reliable Tax & Fin. Servs., Inc. v. H & R Block E. Tax Servs., Inc.*, 212 F. Supp. 2d 592, 595 (E. D. Va. 2002); *see, e.g., T & S Rentals v. United States,* 164 F.R.D. 422, 425 (N.D. W. Va. 1996) (finding good cause exists "in situations in which a plaintiff, who was not in technical compliance with the . . . time limit for service, had nonetheless made 'reasonable, diligent' efforts to effect service on the defendant") (quoting *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 659 (D. Md. 1986)); *In re Hall,* 222 B.R. 275, 279 (Bankr. E. D. Va. 1998).Where a plaintiff pays heed to the 90-day service requirement but fails due to an innocent but improper address for service, there is a persuasive argument for a good-cause extension. 4B Charles A. Wright *et al.* Fed. Prac. & Proc. Civ. § 1137 (4th ed.).

As indicated by the record, Robert L. Johns, United States Trustee ("Trustee") demonstrated reasonable and diligent efforts to effect service upon Ms. Flinner. On October 27, 2016, the Trustee instituted an adversary proceeding against Ms. Flinner to recover preferential transfers on behalf of the bankruptcy estate. On November 3, 2016, a summons was issued. [Dckt. No. 3]. It is unclear whether the Trustee served that summons. A second summons, including a copy of the complaint, was sent by both regular United States mail and certified mail, with receipt requested, on January 19, 2017.[1] [Dckt. No. 7]. The response to the Motion to Dismiss explains what next occurred:

> 9. On January 31, 2017, the Trustee received back the summons and complaint sent by regular mail marked "Return to Sender," "Not Deliverable as Addressed" and "Unable to Forward."
>
> 10. On February 5, 2017, the Trustee consulted various information resources before discovering an address of "185 Elk Village Drive, # 115, Elkview, West Virginia, 25071.

---

[1] It appears another attempt at service was made later, on February 7, 2017. The Court assumes that transmission of process was yet another attempt to make certain Ms. Flinner had been served.

(Resp. at 2). The next series of events appears in the response:

> 11. On February 7, 2017, the Trustee received back the summons and complaint sent by certified mail, return receipt requested marked "Return to Sender," "Not Deliverable as Addressed" and "Unable to Forward."
>
> 12. On that same day, the Trustee sent a new summons and complaint by both regular United States mail, as well as, certified mail return receipt requested as evidenced by the records of the United States Bankruptcy Clerk.

(*Id.*) Ms. Flinner moved to dismiss on February 1, 2017, and filed a responsive pleading on February 9, 2017.

The 90-day period specified under Rule 4(m) expired on January 25, 2017. The Court, however, concludes that the circumstances set forth above give rise to a finding of good cause. The 90-day period is thus extended to include that date upon which service was accomplished.

**IT IS ORDERED** that Ms. Flinner's Motion to Dismiss be, and hereby is, and be, **DENIED**.